# EXHIBIT A

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio 44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

Case Number: 2020CV00603

**CIVIL SUMMONS**

FILED
COURT OF COMMON PLEAS
09/29/2020

JILL FANKHAUSER, CLERK
PORTAGE COUNTY, OHIO

STEPHEN CANAN, et al
    **PLAINTIFF(S)**

VS

COURTAD-DALTON LLC, et al
    **DEFENDANT(S)**

TO:    COURTAD-DALTON LLC

    11733 TIMBER POINT TRAIL
    MANTUA OH 44255

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

CATHLEEN M BOLEK MONARCH CENTRE STE 302 5885 LANDERBROOK DR CLEVELAND OH 44124

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Malorie Wilson*

Deputy Clerk                                       SCANNED

CC:    COURTAD-DALTON LLC

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY OHIO

FILED
COURT OF COMMON PLEAS
SEP 28 2020
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

| | |
|---|---|
| STEPHEN CANAN<br>10611 Liberty Street<br>Garrettsville, Ohio 44231<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COURTAD-DALTON LLC<br>11733 Timber Point Trail<br>Mantua, Ohio 44255<br><br>　　　　　　Defendants. | 2020 CV 00603<br><br>JUDGE LAURIE J. PITTMAN<br><br>**COMPLAINT WITH INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS ATTACHED**<br><br>(Jury Demand Endorsed Hereon) |

Plaintiff Stephen Canan ("Plaintiff"), for his Complaint against Courtad-Dalton LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for unpaid wages, discrimination, and retaliation. Plaintiff was hired by the Defendant construction company. Although he worked overtime, he was not paid for it and he was not otherwise paid all wages earned. When his employer learned that he had a medical condition, the company perceived him as disabled and fired him in violation of Ohio Revised Code Chapter 4112.02.

## PARTIES

2. Plaintiff is a resident of Ohio.

3. Defendant is an Ohio limited liability corporation with its principle place of business located in Mantua in Portage County, Ohio.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under Ohio and federal law.

5. Defendant employs more than four people in Ohio.

6. At all times relevant to this lawsuit, Plaintiff was an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code, the Ohio Minimum Wage Act, RC §§ 4111.01–99 ("OMWA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA").

7. At all times relevant to this lawsuit, Defendant was an "employer" and "person" within the meaning of Chapter 4112 of the Ohio Revised Code, the OMWA, and the FLSA, and an enterprise within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203.

8. Some or all of the events giving rise to this action occurred in Portage County, Ohio.

## STATEMENT OF FACTS

9. Plaintiff was employed by Defendant from May 2, 2018 until on or about September 27, 2018.

10. Plaintiff was paid an hourly wage.

11. Plaintiff was not exempt from the requirements of the Fair Labor Standards Act.

12. On his last work assignment for Defendant, Plaintiff was employed in a position requiring Defendant to pay prevailing wages.

13. Plaintiff was qualified for his position with Defendant.

14. On one or more occasions during his employment with Defendant, Plaintiff worked more than forty hours in a workweek.

15. Defendant knew that Plaintiff was entitled to be paid time and one-half overtime for every hour over forty that he worked in a workweek.

16. Defendant failed to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek.

17. Defendant's failure to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek was willful.

18. In June 2018, Plaintiff experienced symptoms of a serious medical condition while at work. He sought medical attention, and Defendant required him to submit to a drug test. His drug test came back negative and he was released to return to work without medical restrictions.

19. Plaintiff's supervisor asked him about his medical condition, and Plaintiff responded by disclosing his medical condition.

20. Plaintiff's medical condition limits the function of his endocrine system.

21. Plaintiff's medical condition does not make him unable to perform the essential function of his job.

22. Upon learning of Plaintiff's medical condition, Defendant perceived Plaintiff as disabled.

23. Defendant decided to terminate Plaintiff's employment because Defendant perceived him as disabled, but Defendant waited to terminate him because Defendant wanted to "distance his firing from his medical condition."

24. In July 2018, the company provided Plaintiff with a vehicle that was unsafe to drive. He complained to the company on multiple occasions, but the company refused to correct the problem. Consequently, Plaintiff was involved in an accident as a result of the unsafe condition of the company vehicle.

25. On September 27, 2018, Defendant terminated Plaintiff. When Defendant terminated Plaintiff, the company told him, "we can't take a chance with you spacing out with your medical condition."

26. Defendant terminated Plaintiff because Defendant perceived that his medical condition was a disability and that Plaintiff was disabled.

27. Defendant gave a pretextual reason for terminating Plaintiff.

## FIRST CLAIM FOR RELIEF
## PERCEIVED AS DISABLED DISCRIMINATION

28. Plaintiff incorporates all allegations set forth above as if fully rewritten herein.

29. Defendant, through its agents, servants and employees, discriminated against Plaintiff with regard to the terms and conditions of employment, and terminated his employment, because the company perceived he was disabled, in violation of Ohio Revised Code Chapter 4112, and are liable to Plaintiff pursuant to Ohio Revised Code Section 4112.99.

30. As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Plaintiff suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys'

4

fees and costs of litigation, and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

31. The conduct of Defendant, as described above, was done: maliciously or with conscious disregard of Plaintiff's rights and with a great probability of causing harm; and/or was done maliciously and/or by aggravated or egregious fraud by agents or servants of Defendant who, as principal or master, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable for punitive damages.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES: OHIO LAW

32. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant failed to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over forty per workweek.

33. Defendant's failure to pay Plaintiff for all hours worked in excess of forty hours per workweek at times one and one-half his regular rate, RC§4111.03.

34. Defendant is liable to him for overtime pay at the rate of one and one-half times his regular hourly rate for each hour worked in excess of forty hours per workweek for the relevant time period and for each hour worked in excess of forty hours per workweek worked, liquidated damages and/or treble damages, attorneys fees and costs of suit.

## THIRD CLAIM FOR RELIEF
## FAILURE TO MAINTAIN ACCURATE TIME RECORDS

35. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that pursuant to Oh. Const. Art. II, § 34a and RC § 4111.14, Plaintiff made a written request, through his counsel, for a complete copy of his wage and hour records, including but not limited to all documents maintained by the company showing his name, address, occupation, rate of pay, amount paid each pay period, taxes withheld, and hours worked each day and each work week.

36. More than 30 workdays have elapsed, and Defendant has failed to produce the requested records, in violation of Oh. Const. Art. II, § 34a and RC § 4111.14.

37. Plaintiff seeks the equitable relief of a Court Order requiring Defendants to produce all records required by Oh. Const. Art. II, § 34a and R.C. § 4111.14.

38. Defendants are liable to Plaintiff for his costs and reasonable attorney's fees in bringing this action.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO PAY ALL WAGES OWED

39. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that during the relevant time periods, Defendant breached the requirements of Ohio Revised Code section 4113.15 by failing to pay him all wages owed within thirty days of the regularly scheduled payday.

6

40. Defendant is liable for liquidated damages in the amount of two hundred dollars or 6% of the unpaid overtime wages, whichever is greater.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES OWED: FEDERAL LAW

41. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant did not pay Plaintiff time and one half his regular rate of pay for all hours worked in excess of forty hours per workweek, and otherwise failed to comply with the wage requirements of the FLSA.

42. Defendant's failure to Plaintiff for all hours worked in excess of forty hours per workweek at time and one-half his regular rate, to pay him for all hours worked, and to keep records of all hours worked by Plaintiff, violated the FLSA.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices, policies, acts, omissions, and breaches as described herein, Plaintiff has not received wages due to him.

**WHEREFORE,** Plaintiff prays for judgment against Defendants: for damages in the amount of all wages owed; for liquidated damages; equitable relief; for an award of compensatory damages in amounts that will fully and fairly compensate him for his injury, damage and loss; for an award of punitive damages in such amount as will sufficiently punish and deter Defendant's wrongful conduct; for an award of attorney fees and costs of suit; for pre- and post-judgement interest; for

reinstatement; and, for such other relief as the Court deems just, all in an amount in excess of twenty-five thousand dollars.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number of jurors allowed by law.

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
**BOLEK BESSER GLESIUS LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

**Counsel for Plaintiff**

## IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY OHIO

| | | |
|---|---|---|
| **STEPHEN CANAN** | ) | CASE NO. |
| 10611 Liberty Street | ) | |
| Garrettsville, Ohio 44231 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S FIRST SET OF** |
| vs. | ) | **INTERROGATORIES,** |
| | ) | **REQUESTS FOR** |
| **COURTAD-DALTON LLC** | ) | **PRODUCTION, AND** |
| 11733 Timber Point Trail | ) | **REQUESTS FOR ADMISSIONS** |
| Mantua, Ohio 44255 | ) | **TO DEFENDANT** |
| | ) | |
| Defendant. | ) | |

Plaintiff, through counsel, requests that Defendant answer separately and fully in writing and under oath within twenty-eight (28) days of service hereof, the following Interrogatories and Requests for Production of Documents pursuant to the Ohio Rules of Civil Procedure. The interrogatories shall be deemed continuing so as to require supplementary answers between the time answers are served and the time of trial, as prescribed by the Ohio Rules of Civil Procedure. Defendant is further requested to respond to the propounded Request for Admissions, in writing, within twenty-eight (28) days of service hereof or, pursuant to the Ohio Rules of Civil Procedure, the requests shall be deemed admitted.

INTERROGATORY NO. 1:

State whether the name of this Defendant has been correctly identified in the caption of the Complaint and if not, in what respect the name of Defendant was incorrect.

ANSWER:

INTERROGATORY NO. 2:

State whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business is, or may be, liable to satisfy part or all of a judgment or settlement which may be entered in this action, to indemnify or reimburse any such judgment or settlement, or to pay for any portion of the defense costs of this action, and if so, state the following: whether or not a reservation of rights has been asserted; the name(s) of said insurance company(s); and the amount(s) of said coverage.

ANSWER:

INTERROGATORY NO. 3:

State the name, job title, residence and business address and residence and business telephone number of each person providing information for the answers to these interrogatories, and for each person state the interrogatory(s) for which information was provided.

ANSWER:

INTERROGATORY NO. 4:

State the name, residence and business address, residence and business telephone number and job title of each employee, agent, or representative of Defendant whose responsibility it was to ensure proper payment of wages to Plaintiff.

ANSWER:

REQUEST FOR PRODUCTION NO. 1:

Produce a complete copy of each and every document, recording, or other tangible item, in any format, which reflects or otherwise relates to Plaintiff, or to his job duties with Defendant.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2:

Produce Plaintiff's complete personnel and all related files for his entire employment with Defendant, including but not limited to all documents, recordings or other tangible items relating to the following: performance and/or merit reviews; disciplinary actions and/or notices; commendations; application for employment; separation from employment; entrance and/or exit interviews; complaints made by, about or relating to each; job transfers; promotions and/or demotions; attendance; job descriptions; hours worked, wages owed, wages paid, commission, bonus and/or severance pay

RESPONSE:


REQUEST FOR PRODUCTION NO. 3:

Except as produced in response to any of the preceding Requests for Production, produce any and all documents, writings, records and/or other tangible items, of any kind and from any source, which relate to the allegations contained in the Complaint or any of Defendant's defenses thereto.

RESPONSE:


INTERROGATORY NO. 5:

State the name, job title, residence and business address and residence and business telephone number of each person with knowledge relevant to the subject matter of the Complaint, describe what you believe to be each person's relevant knowledge, and for each person state whether a statement has been taken by Defendant or its agents or attorneys.

ANSWER:

INTERROGATORY NO. 6:

State the name, job title, residence and business address and residence and business telephone number of each lay witness Defendant intends to call as a witness at trial, and with regard to each witness state the subject matter of the expected testimony.

ANSWER:


INTERROGATORY NO. 7:

With regard to each expert witness Defendant anticipates calling to testify at the trial of this matter, state the name, job title, residence and business address, residence and business telephone number, and area of expertise.

ANSWER:


REQUEST FOR PRODUCTION NO. 4:

With regard to each expert identified in response to the foregoing interrogatory, produce a copy of each and every report prepared relative to this litigation or the subject matter thereof.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5:

With regard to each expert identified in response to the foregoing interrogatory, produce a complete, current curriculum vitae.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:

Produce a complete copy of each and every document, recording and other tangible item that Defendant intends to introduce into evidence at the trial of this matter.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:

Produce all documents reflecting the hours worked for Defendant by Plaintiff during his entire employment with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:

Produce all job descriptions for any job held by Plaintiff for Defendant that were in effect at any time during Plaintiff's employment with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

Produce all documents supporting any contention that Plaintiff performed a managerial role for Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:

Produce all documents supporting any contention that Plaintiff exercised any independent discretion with respect to matters of significance to the business of Defendant during his employment with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:

Produce any documents reflecting an agreement between any of Defendant and Plaintiff concerning payment of overtime wages or the rate at which such wages will be paid.

RESPONSE:

INTERROGATORY NO. 8:

State this Defendant's policy with respect to payment of overtime wages.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:

Produce all documents reflecting, referring to, or evidencing Defendant's policy with respect to payment of overtime wages.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:

Produce all non-privileged documents, including internal memoranda and emails, concerning payment of overtime wages to its employees.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:

For each document requested in any of the above requests for production that was created electronically or is otherwise stored electronically, produce an identical copy of said document in its electronic form, with all metadata intact, on a compact disc, with its format identified.

RESPONSE:


REQUEST FOR PRODUCTION NO. 15:

Produce a complete copy of any and all employee handbooks, statements of employment policies, rules, regulations, procedures and/or guidelines, and/or codes of employee/managerial conduct, which were disseminated by Defendant to Plaintiff.

RESPONSE:


REQUEST FOR ADMISSION NO. 1:

Admit that you were properly served with the Complaint and Summons in the above-captioned lawsuit.

ANSWER:


REQUEST FOR ADMISSION NO. 2:

Admit Plaintiff worked in excess of forty hours in one workweek at least once during his employment with Defendant.

ANSWER:

REQUEST FOR ADMISSION NO. 3:

Admit Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:

INTERROGATORY NO. 9:

State the reason Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:

INTERROGATORY NO. 10:

State the name, residence and business address, residence and business telephone number and job title of each employee, agent or representative of Defendant who had any authority or responsibility to direct or prepare payroll payments of wages to Plaintiff.

ANSWER:

INTERROGATORY NO. 11:

Unless this Defendant is a publicly traded entity, identify the name, residence and business address, and residence and business telephone number of each owner, principal, member or shareholder of this Defendant, and for each, state the percentage of ownership and, if applicable, number of shares owned.

ANSWER:

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
Bolek Besser Glesius, LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

Counsel for Plaintiff