# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN CANAN, | ) |
| | ) CASE NO. 5:20-cv-02472-JRA |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) |
| COURTAD-DALTON, LLC, | ) |
| | ) **ANSWER OF DEFENDANT** |
| Defendant. | ) **COURTAD-DALTON, LLC** |
| | ) |

Defendant Courtad-Dalton, LLC ("Defendant"), by and through counsel, hereby answers the Complaint with Interrogatories, Requests for Production, and Requests for Admissions Attached ("Complaint") filed by Plaintiff Stephen Canan ("Plaintiff") as follows:

1. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 6 is construed in a manner requiring a response, the allegations contained therein are denied.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 7 is construed in a manner requiring a response, the allegations contained therein are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 11 is construed in a manner requiring a response, the allegations contained therein are denied.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that it required Plaintiff to submit to a drug test and the results of the drug test were negative. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint. Answering further, Defendant states that it received a letter from University Hospitals on June 22, 2018, stating that Plaintiff was seen "for a physical" on June 20, 2018 and that Plaintiff "can work without restriction."

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies for lack of knowledge as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies for lack of knowledge as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that it provided Plaintiff a vehicle for use during his employment. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that it terminated Plaintiff's employment on September 27, 2018. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT I: PERCEIVED AS DISABLED DISCRIMINATION

28. Defendant incorporates herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully stated herein.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT II: FAILURE TO PAY OVERTIME WAGES UNDER OHIO LAW

32. Defendant incorporates herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully stated herein. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT III: FAILURE TO MAINTAIN ACCURATE TIME RECORDS

35. Defendant incorporates herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully stated herein. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT IV: FAILURE TO PAY ALL WAGES OWED

39. Defendant incorporates herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully stated herein. Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT V: FAILURE TO PAY OVERTIME WAGES OWED UNDER FEDERAL LAW

41. Defendant incorporates herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully stated herein. Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint, which was mislabeled as Paragraph 45 in the Complaint.

45. Defendant denies each and every allegation contained in the Complaint, except those specifically admitted herein to be true.

46. Defendants deny that Plaintiff is entitled to any relief on the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery by virtue of his own conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate alleged damages in a reasonable manner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has, at all relevant times herein, acted in good faith and based upon reasonable factors in conformity with relevant federal, state, or local laws, rules, regulations, and/or guidelines.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because all employment decisions pertaining to Plaintiff were made for legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has complied in good faith with all requirements of the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and all other applicable federal and state wage and hour statutes, regulations, and requirements.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was timely paid any wages due as required by the Ohio Prompt Pay Act.

### EIGHTH AFFIRMATIVE DEFENSE

Any amounts not timely paid to Plaintiff were disputed.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not comply with applicable law when he requested his wage data and Defendant provided any and all wage data requested by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Any recordkeeping errors or omissions were due to Plaintiff's acts or omissions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions of Defendant do not evidence a willful violation of the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and all other applicable federal and state wage and hour statutes, regulations, and requirements..

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to liquidated damages because under 29 U.S.C. § 260 any act or failure to act was in good faith, and Defendant had reasonable grounds for believing that its act or omission did not violate the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**RESERVATION OF RIGHT**

Defendant reserves the right to assert any additional affirmative defenses which may become known during the course of the proceedings in this matter.

**WHEREFORE**, having fully answered, Defendant respectfully requests that this Court enter an Order in its favor on each and every cause of action in this proceeding, and award Defendant such other and further relief as may be just and appropriate, including but not limited to an award of its reasonable attorneys' fees, expenses, and costs, together with pre- and post-judgment interest thereon, in connection with the defense of this proceeding.

Respectfully submitted,

 *s/ Richard E. Hepp*
Robert A. Zimmerman (0055478)
Richard E. Hepp (0090448)
**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216-363-4441
Facsimile: 216-363-4588
Email: rzimmerman@beneschlaw.com
           rhepp@beneschlaw.com

*Attorneys for Defendant Courtad-Dalton, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Answer* was electronically filed on November 9, 2020, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

  *s/ Richard E. Hepp*
RICHARD E. HEPP   (0090448)
*One of the Attorneys for Defendant Courtad-Dalton, LLC*