2020CV00603        CANAN, STEPHEN    VS.    COURTAD-DALTON LLC    LJP

| Search Criteria | | 5:20CV2472 | |
|---|---|---|---|
| Docket Entry | | Begin Date | Sort  Ascending |
| Images | All Dockets | End Date | |
| Participant | | | |
| Display Option | Exclude Non Display Dockets | | |

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 9/28/2020 | 1 | COMPLAINT FILED.  ACTION: OTHER TORT   Receipt: 442658<br>Date: 09/28/2020 | 261.50 | |
| 9/28/2020 | | DEPOSIT RECEIVED   Receipt: 442658   Date: 09/28/2020 | 58.50 | |
| 9/28/2020 | | 4% CREDIT CARD PAYMENT FEE   Receipt: 442658   Date: 09/28/2020 | 12.80 | |
| 9/28/2020 | 2 | CIVIL DESIGNATION FORM FILED.    (SEE IMAGE) | | |
| 9/28/2020 | 3 | INSTRUCTIONS FILED.   (SEE IMAGE)<br>CATHLEEN M BOLEK (Attorney) on behalf of STEPHEN<br>CANAN (PLAINTIFF) | | |
| 9/29/2020 | 4 | SUMMONS AND COPY OF COMPLAINT  ISSUED TO DEFTS<br><br>CIVIL SUMMONS<br>Sent on:  09/29/2020  09:40:19.66  Receipt: 442726<br>Date: 09/29/2020 | 2.00 | |
| 9/29/2020 | | Issue Date:  09/29/2020<br>Service:  SUMMONS AND COMPLAINT ISSUED TO DEFENDANTS<br>Method:   (GEN DIV) E-CERTIFIED<br>Cost Per:  $12.00<br><br>    COURTAD-DALTON LLC<br>    11733 TIMBER POINT TRAIL<br>    MANTUA, OH   44255<br>    Tracking No: 9171900005566900613286<br><br>    Receipt: 442726  Date: 09/29/2020 | 12.00 | |
| 9/29/2020 | | CERTIFIED MAIL RECEIVED BY POST OFFICE<br>USPS PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM  -<br>Service Date: 09/29/2020 13:42<br>Tracking Number: 91 7190 0005 5669 0061 3286 | | |
| 10/5/2020 | 5 | SIGNATURE FILED<br>DFNDT    Signature File Attached<br>Tracking Number: 91 7190 0005 5669 0061 3286 | | |
| 11/2/2020 | 6 | NOTICE OF FILING OF REMOVAL TO US DISTRICT COURT<br>NORTHERN DISTRICT (AKRON) CASE #5:20-CV-2472 FILED.<br>ROBERT A ZIMMERMAN (Attorney) on behalf of<br>COURTAD-DALTON LLC (DEFENDANT) | | |

FILED

NOV 1 3 2020

Clerk of Court, United States District Court
Ohio Northern District - AKRON

| | | | | |
|---|---|---|---|---|
| 11/3/2020 | 7 | TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES ALONG WITH ALL ORIGINAL PAPERS ISSUED TO US DISTRICT COURT. | 3.00 | 3.00 |
| 11/3/2020 | | Issue Date: 11/03/2020<br>Service: TRANSCRIPT OF DOCKET<br>Method: (GEN DIV) E-CERTIFIED<br>Cost Per: $12.00<br><br>US DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>EASTERN DIV<br>2 S MAIN ST RM 568<br>AKRON, OH  44308<br>Tracking No: 91719000005566900616829 | 12.00 | 12.00 |

**THE STATE OF OHIO, PORTAGE COUNTY**

      I, the undersigned, Clerk of the Common Pleas Court in and for said County, do hereby certify that the foregoing is a true transcript of the docket and journal entries of said Court in the above entitled cause and I further certify that the papers herewith sent, numbered from **1 to 7** inclusive, are all the original papers and pleadings filed in the above cause of:

**2020CV00603**

**STEPHEN CANAN**

**vs**

**COURTAD-DALTON LLC**

      In testimony whereof, I hereunto set my hand and affix the seal of said Common

Pleas Court on November 3, 2020.
**Jill Fankhauser, Clerk of Courts**

**Deputy Clerk**

CAC_C

**FILED**
COURT OF COMMON PLEAS

**NOV 0 2 2020**

JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

## IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY, OHIO

| | |
|---|---|
| STEPHEN CANAN, | ) CASE NO. 2020CV00603 |
| Plaintiff, | ) |
| | ) **NOTICE OF FILING OF REMOVAL** |
| vs. | ) |
| | ) |
| COURTAD-DALTON, LLC, | ) |
| | ) |
| Defendant. | ) |

TO THE CLERK OF THE COURT OF COMMON PLEAS, PORTAGE COUNTY:

PLEASE TAKE NOTICE that on November 2, 2020, Defendant Courtad-Dalton, LLC

removed this case to the United States District Court for the Northern District of Ohio. A copy

of the Notice of Removal is attached hereto as **Exhibit A** along with all corresponding exhibit(s).

Please take further notice that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, the filing of the

Notice of Removal removes this action to the United States District Court, and this Court may

"proceed no further unless and until the case is remanded."

Respectfully submitted,

*s/ Robert A. Zimmerman*
Robert A. Zimmerman (0055478)
Richard Hepp (0090448)
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: rzimmerman@beneschlaw.com
        rhepp@beneschlaw.com

*Attorneys for Defendant Courtad-Dalton, LLC*

13926047 v1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 2nd day of November, 2020, in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.

_/s/ Robert A. Zimmerman_
Robert A. Zimmerman (0055478)
*One of the Attorneys for Defendant*
*Courtad-Dalton, LLC.*

13926047 v1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| STEPHEN CANAN<br>10611 Liberty Street<br>Garrettsville, Ohio 44231,<br><br>        Plaintiff,<br><br>v.<br><br>COURTAD-DALTON, LLC<br>11733 Timber Point Trail<br>Mantua, Ohio 44255,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. <u>5:20-cv-2472</u><br><br>**Removed from the Court of Common<br>Pleas, Portage County, Ohio**<br><br><br>**NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF OHIO:

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446, Defendant Courtad-Dalton,

LLC ("Courtad-Dalton"), by and through the undersigned counsel, hereby files this Notice of

Removal of the action currently pending in the Court of Common Pleas, Portage County, Ohio,

Case No. 2020CV00603, (the "State Court Action") to the United States District Court for the

Northern District of Ohio, Eastern Division based upon the following:

1.     On September 28, 2020, Plaintiff Stephen Canan filed a Complaint with

Interrogatories, Requests for Production, and Requests for Admissions Attached in the State Court

Action (the "Complaint"), styled *Stephen Canan v. Courtad-Dalton, LLC*, alleging that Defendant

failed to pay Plaintiff all overtime wages due in violation of the Fair Labor Standards Act, 29

U.S.C. § 203 *et seq.* ("FLSA"). Plaintiff also alleges disability discrimination in violation of Ohio

Rev. Code § 4112.01 *et seq.*, failure to pay overtime wages due in violation of Ohio Rev. Code §

4111.03., failure to promptly pay all wages due in violation of Ohio Rev. Code § 4113.15, and

failure to maintain accurate time records in violation of Ohio Rev. Code § 4111.14 (collectively, the "State Law Claims").

    2.     On October 5, 2020, Plaintiff served on Defendant a copy of the Summons and Complaint in the State Court Action. In accordance with 28 U.S.C. § 1446(a), Defendant is attaching to this Notice of Removal as **Exhibit A** the process, pleadings, and orders, if any, served in the State Court Action.

    3.     Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the laws of the United States. On its face, Plaintiff's Complaint alleges that Defendant violated the FLSA, which is a federal statute. Given that Plaintiff's Complaint raises the existence of a federal question, removal of the State Court Action is therefore proper under 28 U.S.C. § 1331.

    4.     Because Plaintiff's Complaint also alleges the State Law Claims against Defendant, this Court has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367(a). The State Law Claims are so related to his FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution. Indeed, Plaintiff's Complaint alleges that the Defendant failed to pay Plaintiff overtime wages in violation of both the FLSA and the Ohio Revised Code. *See*, Exhibit A.

    5.     Pursuant to 28 U.S.C. §1441(a), state court actions in which United States District Courts have original jurisdiction may be removed to the District Court which embraces the place where such action is pending. Because the State Court Action is pending in Portage County, Ohio, the United States District Court for the Northern District of Ohio, Eastern Division, is the appropriate venue for purposes of removal.

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since Defendant was served with the State Court Action on October 5, 2020. *See*, Exhibit A.

7.      At the time of the filing of this Notice of Removal, Defendant has not filed an Answer to Plaintiff's Complaint.

8.      Defendant will file a copy of this Notice of Removal with the Portage County Clerk of Courts and will provide notice to Plaintiff as required by 28 U.S.C. § 1446(d).   A copy of the Notice of Filing Notice of Removal to be filed with the Portage County Clerk of Courts is attached hereto as **Exhibit B**.

9.      This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. §1446(a).

10.     No admission of fact, law, or liability is intended by this Notice of Removal, and Defendant expressly preserves any and all of its defenses, denials, and obligations.

11.     Defendant requests that this Court take jurisdiction of the State Court Action to its conclusion and to final judgment to the exclusion of further proceedings on the claims asserted therein in the State Court Action, in accordance with the law.

**WHEREFORE**, Defendant Courtad-Dalton, LLC hereby removes the State Court Action from the Court of Common Pleas, Portage County, Ohio, so that all further proceedings in this action be held before the United States District Court for the Northern District of Ohio, Eastern Division.

3

Respectfully submitted,

_s/ Robert A. Zimmerman_
Robert A. Zimmerman (0055478)
Richard E. Hepp (0090448)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216-363-4441
Facsimile: 216-363-4588
Email: rzimmerman@beneschlaw.com
    rhepp@beneschlaw.com

*Attorneys for Defendant Courtad-Dalton, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, a copy of the above pleading was

served by first class United States mail, postage prepaid, and by electronic mail on the following:

Cathleen M. Bolek
Matthew D. Besser
**Bolek Besser Glesius LLC**
Monarch Centre Suite 302
5885 Landerbrook Drive
Cleveland, OH 44124

*Attorneys for Plaintiff Stephen Canan*

_s/ Robert A. Zimmerman_
ROBERT A. ZIMMERMAN (0055478)
*One of the Attorneys for Defendant Courtad-
Dalton, LLC*

4

# EXHIBIT A

11/02/20  15:19:00  216-363-4500          ->          Benesch - Document S Page 010

Portage County Common Pleas Court
203 W Main St Po Box 1035
Ravenna Ohio 44266-1035
Phone 330-297-3644 Fax 330-297-4554

Case Number: 2020CV00603

**CIVIL SUMMONS**

FILED
COURT OF COMMON PLEAS
09/29/2020

JILL FANKHAUSER, CLERK
PORTAGE COUNTY, OHIO

STEPHEN CANAN, et al
      **PLAINTIFF(S)**

    VS .

COURTAD-DALTON LLC, et al
      **DEFENDANT(S)**

TO:   COURTAD-DALTON LLC

      11733 TIMBER POINT TRAIL
      MANTUA OH 44255

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

CATHLEEN M BOLEK MONARCH CENTRE STE 302 5885 LANDERBROOK DR  CLEVELAND OH 44124

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Malorie Wilson*

Deputy Clerk

                                     SCANNED

CC:   COURTAD-DALTON LLC

11/02/20  15:19:08  216-363-4508          →          Benesch – Document S Page 011

FILED
COURT OF COMMON PLEAS
SEP 2 8 2020
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY OHIO

| | |
|---|---|
| STEPHEN CANAN<br>10611 Liberty Street<br>Garrettsville, Ohio 44231 | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| COURTAD-DALTON LLC<br>11733 Timber Point Trail<br>Mantua, Ohio 44255 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

2020 CV00603

JUDGE LAURIE J. PITTMAN

COMPLAINT WITH
INTERROGATORIES,
REQUESTS FOR
PRODUCTION, AND
REQUESTS FOR ADMISSIONS
ATTACHED

(Jury Demand Endorsed Hereon)

Plaintiff Stephen Canan ("Plaintiff"), for his Complaint against Courtad-Dalton LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for unpaid wages, discrimination, and retaliation. Plaintiff was hired by the Defendant construction company. Although he worked overtime, he was not paid for it and he was not otherwise paid all wages earned. When his employer learned that he had a medical condition, the company perceived him as disabled and fired him in violation of Ohio Revised Code Chapter 4112.02.

## PARTIES

2. Plaintiff is a resident of Ohio.

3. Defendant is an Ohio limited liability corporation with its principle place of business located in Mantua in Portage County, Ohio.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under Ohio and federal law.

5. Defendant employs more than four people in Ohio.

6. At all times relevant to this lawsuit, Plaintiff was an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code, the Ohio Minimum Wage Act, RC §§ 4111.01-99 ("OMWA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA").

7. At all times relevant to this lawsuit, Defendant was an "employer" and "person" within the meaning of Chapter 4112 of the Ohio Revised Code, the OMWA, and the FLSA, and an enterprise within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203.

8. Some or all of the events giving rise to this action occurred in Portage County, Ohio.

## STATEMENT OF FACTS

9. Plaintiff was employed by Defendant from May 2, 2018 until on or about September 27, 2018.

10. Plaintiff was paid an hourly wage.

11. Plaintiff was not exempt from the requirements of the Fair Labor Standards Act.

12. On his last work assignment for Defendant, Plaintiff was employed in a position requiring Defendant to pay prevailing wages.

13. Plaintiff was qualified for his position with Defendant.

2

14.  On one or more occasions during his employment with Defendant, Plaintiff worked more than forty hours in a workweek.

15.  Defendant knew that Plaintiff was entitled to be paid time and one-half overtime for every hour over forty that he worked in a workweek.

16.  Defendant failed to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek.

17.  Defendant's failure to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek was willful.

18.  In June 2018, Plaintiff experienced symptoms of a serious medical condition while at work. He sought medical attention, and Defendant required him to submit to a drug test. His drug test came back negative and he was released to return to work without medical restrictions.

19.  Plaintiff's supervisor asked him about his medical condition, and Plaintiff responded by disclosing his medical condition.

20.  Plaintiff's medical condition limits the function of his endocrine system.

21.  Plaintiff's medical condition does not make him unable to perform the essential function of his job.

22.  Upon learning of Plaintiff's medical condition, Defendant perceived Plaintiff as disabled.

23.  Defendant decided to terminate Plaintiff's employment because Defendant perceived him as disabled, but Defendant waited to terminate him because Defendant wanted to "distance his firing from his medical condition."

24. In July 2018, the company provided Plaintiff with a vehicle that was unsafe to drive. He complained to the company on multiple occasions, but the company refused to correct the problem. Consequently, Plaintiff was involved in an accident as a result of the unsafe condition of the company vehicle.

25. On September 27, 2018, Defendant terminated Plaintiff. When Defendant terminated Plaintiff, the company told him, "we can't take a chance with you spacing out with your medical condition."

26. Defendant terminated Plaintiff because Defendant perceived that his medical condition was a disability and that Plaintiff was disabled.

27. Defendant gave a pretextual reason for terminating Plaintiff.

## FIRST CLAIM FOR RELIEF
## PERCEIVED AS DISABLED DISCRIMINATION

28. Plaintiff incorporates all allegations set forth above as if fully rewritten herein.

29. Defendant, through its agents, servants and employees, discriminated against Plaintiff with regard to the terms and conditions of employment, and terminated his employment, because the company perceived he was disabled, in violation of Ohio Revised Code Chapter 4112, and are liable to Plaintiff pursuant to Ohio Revised Code Section 4112.99.

30. As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Plaintiff suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys'

fees and costs of litigation, and has been otherwise injured.  Some or all of his damages will continue to accrue indefinitely into the future.

31.  The conduct of Defendant, as described above, was done: maliciously or with conscious disregard of Plaintiff's rights and with a great probability of causing harm; and/or was done maliciously and/or by aggravated or egregious fraud by agents or servants of Defendant who, as principal or master, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable for punitive damages.

<u>SECOND CLAIM FOR RELIEF</u>
FAILURE TO PAY OVERTIME WAGES: OHIO LAW

32.  Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant failed to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over forty per workweek.

33.  Defendant's failure to pay Plaintiff for all hours worked in excess of forty hours per workweek at times one and one-half his regular rate, RC§4111.03.

34.  Defendant is liable to him for overtime pay at the rate of one and one-half times his regular hourly rate for each hour worked in excess of forty hours per workweek for the relevant time period and for each hour worked in excess of forty hours per workweek worked, liquidated damages and/or treble damages, attorneys fees and costs of suit.

## THIRD CLAIM FOR RELIEF
## FAILURE TO MAINTAIN ACCURATE TIME RECORDS

35.    Plaintiff incorporates all allegations set forth above as if fully rewritten

herein and further states that pursuant to Oh. Const. Art. II, § 34a and RC §

4111.14, Plaintiff made a written request, through his counsel, for a complete

copy of his wage and hour records, including but not limited to all documents

maintained by the company showing his name, address, occupation, rate of

pay, amount paid each pay period, taxes withheld, and hours worked each

day and each work week.

36.    More than 30 workdays have elapsed, and Defendant has failed to produce

the requested records, in violation of Oh. Const. Art. II, § 34a and RC §

4111.14.

37.    Plaintiff seeks the equitable relief of a Court Order requiring Defendants to

produce all records required by Oh. Const. Art. II, § 34a and R.C. § 4111.14.

38.    Defendants are liable to Plaintiff for his costs and reasonable attorney's fees

in bringing this action.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO PAY ALL WAGES OWED

39.    Plaintiff incorporates all allegations set forth above as if fully rewritten

herein and further states that during the relevant time periods, Defendant

breached the requirements of Ohio Revised Code section 4113.15 by failing to

pay him all wages owed within thirty days of the regularly scheduled payday.

6

40. Defendant is liable for liquidated damages in the amount of two hundred dollars or 6% of the unpaid overtime wages, whichever is greater.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES OWED: FEDERAL LAW

41. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant did not pay Plaintiff time and one half his regular rate of pay for all hours worked in excess of forty hours per workweek, and otherwise failed to comply with the wage requirements of the FLSA.

42. Defendant's failure to Plaintiff for all hours worked in excess of forty hours per workweek at time and one-half his regular rate, to pay him for all hours worked, and to keep records of all hours worked by Plaintiff, violated the FLSA.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices, policies, acts, omissions, and breaches as described herein, Plaintiff has not received wages due to him.

WHEREFORE, Plaintiff prays for judgment against Defendants: for damages in the amount of all wages owed; for liquidated damages; equitable relief; for an award of compensatory damages in amounts that will fully and fairly compensate him for his injury, damage and loss; for an award of punitive damages in such amount as will sufficiently punish and deter Defendant's wrongful conduct; for an award of attorney fees and costs of suit; for pre- and post-judgement interest; for

7

reinstatement; and, for such other relief as the Court deems just, all in an amount in excess of twenty-five thousand dollars.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number of jurors allowed by law.

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
BOLEK BESSER GLESIUS LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

**Counsel for Plaintiff**

8

11/02/20  15:20:23  216-363-4588          ->          Benesch - Document S Page 019

# IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY OHIO

STEPHEN CANAN                    )    CASE NO.
10611 Liberty Street             )
Garrettsville, Ohio 44231        )    JUDGE:
                                 )
                  Plaintiff,     )    **PLAINTIFF'S FIRST SET OF**
vs.                              )    **INTERROGATORIES,**
                                 )    **REQUESTS FOR**
COURTAD-DALTON LLC               )    **PRODUCTION, AND**
11733 Timber Point Trail         )    **REQUESTS FOR ADMISSIONS**
Mantua, Ohio 44255               )    **TO DEFENDANT**
                                 )
                  Defendant.     )

Plaintiff, through counsel, requests that Defendant answer separately and

fully in writing and under oath within twenty-eight (28) days of service hereof, the

following Interrogatories and Requests for Production of Documents pursuant to the

Ohio Rules of Civil Procedure. The interrogatories shall be deemed continuing so as

to require supplementary answers between the time answers are served and the

time of trial, as prescribed by the Ohio Rules of Civil Procedure. Defendant is

further requested to respond to the propounded Request for Admissions, in writing,

within twenty-eight (28) days of service hereof or, pursuant to the Ohio Rules of

Civil Procedure, the requests shall be deemed admitted.

## INTERROGATORY NO. 1:

State whether the name of this Defendant has been correctly identified in the
caption of the Complaint and if not, in what respect the name of Defendant was
incorrect.

ANSWER:

**INTERROGATORY NO. 2:**

State whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business is, or may be, liable to satisfy part or all of a judgment or settlement which may be entered in this action, to indemnify or reimburse any such judgment or settlement, or to pay for any portion of the defense costs of this action, and if so, state the following:  whether or not a reservation of rights has been asserted;  the name(s) of said insurance company(s); and the amount(s) of said coverage.

**ANSWER:**

**INTERROGATORY NO. 3:**

State the name, job title, residence and business address and residence and business telephone number of each person providing information for the answers to these interrogatories, and for each person state the interrogatory(s) for which information was provided.

**ANSWER:**

**INTERROGATORY NO. 4:**

State the name, residence and business address, residence and business telephone number and job title of each employee, agent, or representative of Defendant whose responsibility it was to ensure proper payment of wages to Plaintiff.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**

Produce a complete copy of each and every document, recording, or other tangible item, in any format, which reflects or otherwise relates to Plaintiff, or to his job duties with Defendant.

11/02/20 15:20:42 216-363-4580 -> Benesch - Document S Page 021

RESPONSE:


REQUEST FOR PRODUCTION NO. 2:

Produce Plaintiff's complete personnel and all related files for his entire employment with Defendant, including but not limited to all documents, recordings or other tangible items relating to the following: performance and/or merit reviews; disciplinary actions and/or notices; commendations; application for employment; separation from employment; entrance and/or exit interviews; complaints made by, about or relating to each; job transfers; promotions and/or demotions; attendance; job descriptions; hours worked, wages owed, wages paid, commission, bonus and/or severance pay

RESPONSE:


REQUEST FOR PRODUCTION NO. 3:

Except as produced in response to any of the preceding Requests for Production, produce any and all documents, writings, records and/or other tangible items, of any kind and from any source, which relate to the allegations contained in the Complaint or any of Defendant's defenses thereto.

RESPONSE:


INTERROGATORY NO. 5:

State the name, job title, residence and business address and residence and business telephone number of each person with knowledge relevant to the subject matter of the Complaint, describe what you believe to be each person's relevant knowledge, and for each person state whether a statement has been taken by Defendant or its agents or attorneys.

ANSWER:

11

**INTERROGATORY NO. 6:**

State the name, job title, residence and business address and residence and business telephone number of each lay witness Defendant intends to call as a witness at trial, and with regard to each witness state the subject matter of the expected testimony.

**ANSWER:**


**INTERROGATORY NO. 7:**

With regard to each expert witness Defendant anticipates calling to testify at the trial of this matter, state the name, job title, residence and business address, residence and business telephone number, and area of expertise.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 4:**

With regard to each expert identified in response to the foregoing interrogatory, produce a copy of each and every report prepared relative to this litigation or the subject matter thereof.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**

With regard to each expert identified in response to the foregoing interrogatory, produce a complete, current curriculum vitae.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce a complete copy of each and every document, recording and other tangible item that Defendant intends to introduce into evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents reflecting the hours worked for Defendant by Plaintiff during his entire employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all job descriptions for any job held by Plaintiff for Defendant that were in effect at any time during Plaintiff's employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents supporting any contention that Plaintiff performed a managerial role for Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents supporting any contention that Plaintiff exercised any independent discretion with respect to matters of significance to the business of Defendant during his employment with Defendant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**

Produce any documents reflecting an agreement between any of Defendant and Plaintiff concerning payment of overtime wages or the rate at which such wages will be paid.

**RESPONSE:**


**INTERROGATORY NO. 8:**

State this Defendant's policy with respect to payment of overtime wages.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents reflecting, referring to, or evidencing Defendant's policy with respect to payment of overtime wages.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

Produce all non-privileged documents, including internal memoranda and emails, concerning payment of overtime wages to its employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

For each document requested in any of the above requests for production that was created electronically or is otherwise stored electronically, produce an identical copy of said document in its electronic form, with all metadata intact, on a compact disc, with its format identified.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

Produce a complete copy of any and all employee handbooks, statements of employment policies, rules, regulations, procedures and/or guidelines, and/or codes of employee/managerial conduct, which were disseminated by Defendant to Plaintiff.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 1:**

Admit that you were properly served with the Complaint and Summons in the above-captioned lawsuit.

**ANSWER:**


**REQUEST FOR ADMISSION NO. 2:**

Admit Plaintiff worked in excess of forty hours in one workweek at least once during his employment with Defendant.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**

Admit Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:

**INTERROGATORY NO. 9:**

State the reason Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:

**INTERROGATORY NO. 10:**

State the name, residence and business address, residence and business telephone number and job title of each employee, agent or representative of Defendant who had any authority or responsibility to direct or prepare payroll payments of wages to Plaintiff.

ANSWER:

**INTERROGATORY NO. 11:**

Unless this Defendant is a publicly traded entity, identify the name, residence and business address, and residence and business telephone number of each owner, principal, member or shareholder of this Defendant, and for each, state the percentage of ownership and, if applicable, number of shares owned.

ANSWER:

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
Bolek Besser Glesius, LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

Counsel for Plaintiff

# EXHIBIT B

# IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN CANAN, | ) | CASE NO. 2020CV00603 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF FILING OF REMOVAL** |
| vs. | ) | |
| | ) | |
| COURTAD-DALTON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE CLERK OF THE COURT OF COMMON PLEAS, PORTAGE COUNTY:

PLEASE TAKE NOTICE that on November 2, 2020, Defendant Courtad-Dalton, LLC removed this case to the United States District Court for the Northern District of Ohio. A copy of the Notice of Removal is attached hereto as **Exhibit A** along with all corresponding exhibit(s). Please take further notice that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, the filing of the Notice of Removal removes this action to the United States District Court, and this Court may "proceed no further unless and until the case is remanded."

Respectfully submitted,

*s/ Robert A. Zimmerman*
Robert A. Zimmerman (0055478)
Richard Hepp (0090448)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: rzimmerman@beneschlaw.com
  rhepp@beneschlaw.com

*Attorneys for Defendant Courtad-Dalton, LLC*

13926047 v1

11/02/20  15:21:46  216-363-4588        ->            Benesch - Document S Page 030

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 2nd day of November, 2020, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

/s/ Robert A. Zimmerman
Robert A. Zimmerman (0055478)
*One of the Attorneys for Defendant*
*Courtad-Dalton, LLC.*

13926047 v1

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Stephen Canan | )<br>)<br>) |
| v. | )<br>) |
| Courtad-Dalton LLC | )<br>)<br>) |

Case No.  **5:20-cv-02472**

Corporate Disclosure Statement

Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 3.13(b) and Local Criminal Rule 16.2:  Any non-governmental corporate party to a proceeding must file a statement identifying all its parent, subsidiary and other affiliate corporations and listing any publicly held company that owns 10% or more of the party's stock. A party must file the statement upon filing a complaint, answer, motion, response or other pleading in this Court, whichever occurs first. The obligation to disclose any changes will be continuing throughout the pendency of the case.

In compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

**Courtad-Dalton LLC**

1.  Is said party a parent, subsidiary or other affiliate of a publicly owned corporation?
   _____ Yes    ✕ __ No.

   If the answer is Yes, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

2.  Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome? _____ Yes    ✕ __ No.

   If the answer is Yes, list the identity of such corporation and the nature of the financial interest:

s/ Robert Zimmerman                     11/2/2020
(Signature of Counsel)                   (Date)

11/02/20  15:22:02  216-363-4500  ->  Benesch - Document S Page 032

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Stephen Canan | Courtad-Dalton LLC |

| (b) County of Residence of First Listed Plaintiff  Portage | County of Residence of First Listed Defendant  Portage |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Cathleen M. Bolek/Matthew D. Besser<br>Bolek Besser Glesius, LLC, Monarch Centre, Ste 302<br>5885 Landerbrook Drive, Cleveland, OH 44124; | Attorneys *(If Known)*<br>Robert A. Zimmerman and Richard E. Hepp<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300 |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated *and* Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark<br>880 Defend Trade Secrets Act of 2016 | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit (15 USC 1681 or 1692)<br>485 Telephone Consumer Protection Act<br>490 Cable/Sat TV |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[x] 710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS - Third Party 26 USC 7609 | 850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ]1 Original Proceeding
- [x]2 Removed from State Court
- [ ]3 Remanded from Appellate Court
- [ ]4 Reinstated or Reopened
- [ ]5 Transferred from Another District *(specify)*
- [ ]6 Multidistrict Litigation - Transfer
- [ ]8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 203 et seq.

Brief description of cause:
Plaintiff alleges failure to pay overtime wages due

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 25000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND: [x] Yes [ ] No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):*  JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>11/2/2020 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Robert A. Zimmerman |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

11/82/28  15:22:29  216-363-4588          →          Benesch - Document S Page 833

UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**   Civil Categories: (Please check one category only.)

1. [✓]  General Civil
2. [ ]  Administrative Review/Social Security
3. [ ]  Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**   RELATED OR REFILED CASES See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is RELATED to another PENDING civil case [ ] is a REFILED case [ ] was PREVIOUSLY REMANDED

If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.

**III.**   In accordance with Local Civil Rule 3.8, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)   Resident defendant. If the defendant resides in a county within this district, please set forth the name of such county

COUNTY: Portage

Corporation For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.

(2)   Non-Resident defendant. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.

COUNTY:

(3)   Other Cases. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.

COUNTY:

**IV.**   The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

EASTERN DIVISION

[✓]  AKRON        (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[ ]  CLEVELAND    (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ]  YOUNGSTOWN   (Counties: Columbiana, Mahoning and Trumbull)

WESTERN DIVISION

[ ]  TOLEDO       (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.


**UNITED STATES
POSTAL SERVICE**₀

**2020CV00603  PITTMAN**

Date Produced: 10/12/2020

PORTAGE COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7190 0005 5669 0061 3286.
Our records indicate that this item was delivered on 10/05/2020 at 11:37 a.m. in MANTUA, OH 44255.
The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0339429 36386837

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio  44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

Case Number: 2020CV00603

**CIVIL SUMMONS**

| FILED |
| COURT OF COMMON PLEAS |
| 09/29/2020 |
| |
| JILL FANKHAUSER, CLERK |
| PORTAGE COUNTY, OHIO |

STEPHEN CANAN, et al
      **PLAINTIFF(S)**

    **VS**

COURTAD-DALTON LLC, et al
      **DEFENDANT(S)**

TO:    COURTAD-DALTON LLC

      11733 TIMBER POINT TRAIL
      MANTUA OH 44255

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

CATHLEEN M BOLEK MONARCH CENTRE STE 302 5885 LANDERBROOK DR  CLEVELAND OH 44124

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Malorie Wilson*

Deputy Clerk                          **SCANNED**

CC:    COURTAD-DALTON LLC

**Portage County Common Pleas Court**
**203 W Main St Po Box 1035**
**Ravenna Ohio  44266-1035**
**Phone 330-297-3644 Fax 330-297-4554**

Case Number: 2020CV00603

**CIVIL SUMMONS**

| FILED |
| --- |
| COURT OF COMMON PLEAS |
| 09/29/2020 |
| JILL FANKHAUSER, CLERK |
| PORTAGE COUNTY, OHIO |

STEPHEN CANAN, et al
       **PLAINTIFF(S)**

    **VS**

COURTAD-DALTON LLC, et al
       **DEFENDANT(S)**

TO:   File Copy

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

CATHLEEN M BOLEK MONARCH CENTRE STE 302 5885 LANDERBROOK DR  CLEVELAND OH 44124

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above.
Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of
record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon
the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the
relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Malorie Wilson*

Deputy Clerk                               **SCANNED**

CC:   COURTAD-DALTON LLC

**FILED**
COURT OF COMMON PLEAS

SEP 2 8 2020

JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

STEPHEN CANAN
_____
PLAINTIFF

VS

COURTAD-DALTON LLC
_____
DEFENDANT

CASE NO. **2020 CV 00603**

**REQUEST FOR SERVICE
INSTRUCTIONS**

**JUDGE LAURIE J. PITTMAN**

TO THE CLERK: PLEASE SERVE  A  COPY OF  COMPLAINT WITH DISCOVERY
_____
                          (DOCUMENT TO BE SERVED)

ON  COURTAD-DALTON LLC11733 Timber Point TrailMantua, Ohio 44255
_____
(NAME AND ADDRESS OF PARTY TO BE SERVED)

_____  ORDINARY MAIL WITH CERTIFICATE OF MAILING
                        CIVIL RULE 4.6 (D)

✔  CERTIFIED MAIL

_____  SHERIFF SERVICE................PERSONAL SERVICE  _____
                            RESIDENTIAL SERVICE  _____

_____  PROCESS SERVER................PERSONAL SERVICE  _____
                            RESIDENTIAL SERVICE  _____

OTHER INSTRUCTIONS/COMMENTS:_____
_____
_____

Cathleen Bolek
_____
ATTORNEY / PRO SE

**FILED**
COURT OF COMMON PLEAS

SEP 2 8 2020

JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

PORTAGE COUNTY COMMON PLEAS COURT

JILL FANKHAUSER CLERK

203 WEST MAIN STREET

RAVENNA OH 44266

PHONE NUMBER (330) 297-3644

FAX NUMBER (330) 297-4554

WWW.CO.PORTAGE.OH.US

THE CASE DESIGNATION SHEET MUST BE COMPLETED WHEN FILING A NEW COMPLAINT.
PLEASE CIRCLE ONE OF THE DESIGNATIONS LISTED BELOW:

# 2020 CV 00603

## JUDGE LAURIE J. PITTMAN

## CIVIL DESIGNATIONS

A.   PROFESSIONAL TORT

B.   PRODUCT LIABILITY

C.   OTHER TORT

D.   WORKERS COMPENSATION

E.   FORECLOSURE

F.   ADMINISTRATIVE APPEAL

G.   COMPLEX LITIGATION

H.   OTHER CIVIL

_____PLEASE CHECK IF THIS CASE IS; VIOLATION OF OHIO MORTGAGE BROKER ACT OHIO
REVISED CODE 1345 .09(E)

FILED
COURT OF COMMON PLEAS
SEP 2 8 2020
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY OHIO JUDGE LAURIE J. PITTMAN

**2020CV00603**

| | | |
|---|---|---|
| STEPHEN CANAN | ) | |
| 10611 Liberty Street | ) | |
| Garrettsville, Ohio 44231 | ) | JUDGE: LAURIE J. PITTMAN |
| | ) | |
| Plaintiff, | ) | **COMPLAINT WITH** |
| vs. | ) | **INTERROGATORIES,** |
| | ) | **REQUESTS FOR** |
| COURTAD-DALTON LLC | ) | **PRODUCTION, AND** |
| 11733 Timber Point Trail | ) | **REQUESTS FOR ADMISSIONS** |
| Mantua, Ohio 44255 | ) | **ATTACHED** |
| | ) | |
| Defendants. | ) | (Jury Demand Endorsed Hereon) |

Plaintiff Stephen Canan ("Plaintiff"), for his Complaint against Courtad-Dalton LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for unpaid wages, discrimination, and retaliation. Plaintiff was hired by the Defendant construction company. Although he worked overtime, he was not paid for it and he was not otherwise paid all wages earned. When his employer learned that he had a medical condition, the company perceived him as disabled and fired him in violation of Ohio Revised Code Chapter 4112.02.

## PARTIES

2. Plaintiff is a resident of Ohio.

3. Defendant is an Ohio limited liability corporation with its principle place of business located in Mantua in Portage County, Ohio.

## JURISDICTION AND VENUE

4.  Plaintiff's claims arise under Ohio and federal law.

5.  Defendant employs more than four people in Ohio.

6.  At all times relevant to this lawsuit, Plaintiff was an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code, the Ohio Minimum Wage Act, RC §§ 4111.01–99 ("OMWA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA").

7.  At all times relevant to this lawsuit, Defendant was an "employer" and "person" within the meaning of Chapter 4112 of the Ohio Revised Code, the OMWA, and the FLSA, and an enterprise within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203.

8.  Some or all of the events giving rise to this action occurred in Portage County, Ohio.

## STATEMENT OF FACTS

9.  Plaintiff was employed by Defendant from May 2, 2018 until on or about September 27, 2018.

10. Plaintiff was paid an hourly wage.

11. Plaintiff was not exempt from the requirements of the Fair Labor Standards Act.

12. On his last work assignment for Defendant, Plaintiff was employed in a position requiring Defendant to pay prevailing wages.

13. Plaintiff was qualified for his position with Defendant.

14. On one or more occasions during his employment with Defendant, Plaintiff worked more than forty hours in a workweek.

15. Defendant knew that Plaintiff was entitled to be paid time and one-half overtime for every hour over forty that he worked in a workweek.

16. Defendant failed to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek.

17. Defendant's failure to pay Plaintiff time and one-half overtime for every hour over forty that he worked in a workweek was willful.

18. In June 2018, Plaintiff experienced symptoms of a serious medical condition while at work. He sought medical attention, and Defendant required him to submit to a drug test. His drug test came back negative and he was released to return to work without medical restrictions.

19. Plaintiff's supervisor asked him about his medical condition, and Plaintiff responded by disclosing his medical condition.

20. Plaintiff's medical condition limits the function of his endocrine system.

21. Plaintiff's medical condition does not make him unable to perform the essential function of his job.

22. Upon learning of Plaintiff's medical condition, Defendant perceived Plaintiff as disabled.

23. Defendant decided to terminate Plaintiff's employment because Defendant perceived him as disabled, but Defendant waited to terminate him because Defendant wanted to "distance his firing from his medical condition."

24. In July 2018, the company provided Plaintiff with a vehicle that was unsafe to drive. He complained to the company on multiple occasions, but the company refused to correct the problem. Consequently, Plaintiff was involved in an accident as a result of the unsafe condition of the company vehicle.

25. On September 27, 2018, Defendant terminated Plaintiff. When Defendant terminated Plaintiff, the company told him, "we can't take a chance with you spacing out with your medical condition."

26. Defendant terminated Plaintiff because Defendant perceived that his medical condition was a disability and that Plaintiff was disabled.

27. Defendant gave a pretextual reason for terminating Plaintiff.

## FIRST CLAIM FOR RELIEF
### PERCEIVED AS DISABLED DISCRIMINATION

28. Plaintiff incorporates all allegations set forth above as if fully rewritten herein.

29. Defendant, through its agents, servants and employees, discriminated against Plaintiff with regard to the terms and conditions of employment, and terminated his employment, because the company perceived he was disabled, in violation of Ohio Revised Code Chapter 4112, and are liable to Plaintiff pursuant to Ohio Revised Code Section 4112.99.

30. As a direct and proximate consequence of Defendant's unlawful and discriminatory misconduct, described above, Plaintiff suffered emotional distress and humiliation, lost salary, wages and benefits, incurred attorneys'

fees and costs of litigation, and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

31. The conduct of Defendant, as described above, was done: maliciously or with conscious disregard of Plaintiff's rights and with a great probability of causing harm; and/or was done maliciously and/or by aggravated or egregious fraud by agents or servants of Defendant who, as principal or master, knowingly authorized, participated in, or ratified those actions and/or omissions, for which Defendant is liable for punitive damages.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES: OHIO LAW

32. Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant failed to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over forty per workweek.

33. Defendant's failure to pay Plaintiff for all hours worked in excess of forty hours per workweek at times one and one-half his regular rate, RC§4111.03.

34. Defendant is liable to him for overtime pay at the rate of one and one-half times his regular hourly rate for each hour worked in excess of forty hours per workweek for the relevant time period and for each hour worked in excess of forty hours per workweek worked, liquidated damages and/or treble damages, attorneys fees and costs of suit.

## THIRD CLAIM FOR RELIEF
## FAILURE TO MAINTAIN ACCURATE TIME RECORDS

35.  Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that pursuant to Oh. Const. Art. II, § 34a and RC § 4111.14, Plaintiff made a written request, through his counsel, for a complete copy of his wage and hour records, including but not limited to all documents maintained by the company showing his name, address, occupation, rate of pay, amount paid each pay period, taxes withheld, and hours worked each day and each work week.

36.  More than 30 workdays have elapsed, and Defendant has failed to produce the requested records, in violation of Oh. Const. Art. II, § 34a and RC § 4111.14.

37.  Plaintiff seeks the equitable relief of a Court Order requiring Defendants to produce all records required by Oh. Const. Art. II, § 34a and R.C. § 4111.14.

38.  Defendants are liable to Plaintiff for his costs and reasonable attorney's fees in bringing this action.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO PAY ALL WAGES OWED

39.  Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that during the relevant time periods, Defendant breached the requirements of Ohio Revised Code section 4113.15 by failing to pay him all wages owed within thirty days of the regularly scheduled payday.

40.    Defendant is liable for liquidated damages in the amount of two hundred dollars or 6% of the unpaid overtime wages, whichever is greater.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES OWED: FEDERAL LAW

41.    Plaintiff incorporates all allegations set forth above as if fully rewritten herein and further states that Defendant did not pay Plaintiff time and one half his regular rate of pay for all hours worked in excess of forty hours per workweek, and otherwise failed to comply with the wage requirements of the FLSA.

42.    Defendant's failure to Plaintiff for all hours worked in excess of forty hours per workweek at time and one-half his regular rate, to pay him for all hours worked, and to keep records of all hours worked by Plaintiff, violated the FLSA.

43.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

45.    As a result of Defendant's practices, policies, acts, omissions, and breaches as described herein, Plaintiff has not received wages due to him.

**WHEREFORE,** Plaintiff prays for judgment against Defendants: for damages in the amount of all wages owed; for liquidated damages; equitable relief; for an award of compensatory damages in amounts that will fully and fairly compensate him for his injury, damage and loss; for an award of punitive damages in such amount as will sufficiently punish and deter Defendant's wrongful conduct; for an award of attorney fees and costs of suit; for pre- and post-judgement interest; for

reinstatement; and, for such other relief as the Court deems just, all in an amount in excess of twenty-five thousand dollars.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number of jurors allowed by law.

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
**BOLEK BESSER GLESIUS LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

**Counsel for Plaintiff**

## IN THE COURT OF COMMON PLEAS
### PORTAGE COUNTY OHIO

**STEPHEN CANAN**
10611 Liberty Street
Garrettsville, Ohio 44231

                Plaintiff,

vs.

**COURTAD-DALTON LLC**
11733 Timber Point Trail
Mantua, Ohio 44255

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**2020 CV 00603**

JUDGE:

**JUDGE LAURIE J. PITTMAN**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT**

Plaintiff, through counsel, requests that Defendant answer separately and fully in writing and under oath within twenty-eight (28) days of service hereof, the following Interrogatories and Requests for Production of Documents pursuant to the Ohio Rules of Civil Procedure. The interrogatories shall be deemed continuing so as to require supplementary answers between the time answers are served and the time of trial, as prescribed by the Ohio Rules of Civil Procedure. Defendant is further requested to respond to the propounded Request for Admissions, in writing, within twenty-eight (28) days of service hereof or, pursuant to the Ohio Rules of Civil Procedure, the requests shall be deemed admitted.

**INTERROGATORY NO. 1:**

State whether the name of this Defendant has been correctly identified in the caption of the Complaint and if not, in what respect the name of Defendant was incorrect.

**ANSWER:**

INTERROGATORY NO. 2:

State whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business is, or may be, liable to satisfy part or all of a judgment or settlement which may be entered in this action, to indemnify or reimburse any such judgment or settlement, or to pay for any portion of the defense costs of this action, and if so, state the following:  whether or not a reservation of rights has been asserted;  the name(s) of said insurance company(s); and the amount(s) of said coverage.

ANSWER:

INTERROGATORY NO. 3:

State the name, job title, residence and business address and residence and business telephone number of each person providing information for the answers to these interrogatories, and for each person state the interrogatory(s) for which information was provided.

ANSWER:

INTERROGATORY NO. 4:

State the name, residence and business address, residence and business telephone number and job title of each employee, agent, or representative of Defendant whose responsibility it was to ensure proper payment of wages to Plaintiff.

ANSWER:

REQUEST FOR PRODUCTION NO. 1:

Produce a complete copy of each and every document, recording, or other tangible item, in any format, which reflects or otherwise relates to Plaintiff, or to his job duties with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:

Produce Plaintiff's complete personnel and all related files for his entire employment with Defendant, including but not limited to all documents, recordings or other tangible items relating to the following: performance and/or merit reviews; disciplinary actions and/or notices; commendations; application for employment; separation from employment; entrance and/or exit interviews; complaints made by, about or relating to each; job transfers; promotions and/or demotions; attendance; job descriptions; hours worked, wages owed, wages paid, commission, bonus and/or severance pay

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:

Except as produced in response to any of the preceding Requests for Production, produce any and all documents, writings, records and/or other tangible items, of any kind and from any source, which relate to the allegations contained in the Complaint or any of Defendant's defenses thereto.

RESPONSE:

INTERROGATORY NO. 5:

State the name, job title, residence and business address and residence and business telephone number of each person with knowledge relevant to the subject matter of the Complaint, describe what you believe to be each person's relevant knowledge, and for each person state whether a statement has been taken by Defendant or its agents or attorneys.

ANSWER:

INTERROGATORY NO. 6:

State the name, job title, residence and business address and residence and business telephone number of each lay witness Defendant intends to call as a witness at trial, and with regard to each witness state the subject matter of the expected testimony.

ANSWER:


INTERROGATORY NO. 7:

With regard to each expert witness Defendant anticipates calling to testify at the trial of this matter, state the name, job title, residence and business address, residence and business telephone number, and area of expertise.

ANSWER:


REQUEST FOR PRODUCTION NO. 4:

With regard to each expert identified in response to the foregoing interrogatory, produce a copy of each and every report prepared relative to this litigation or the subject matter thereof.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5:

With regard to each expert identified in response to the foregoing interrogatory, produce a complete, current curriculum vitae.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:

Produce a complete copy of each and every document, recording and other tangible item that Defendant intends to introduce into evidence at the trial of this matter.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:

Produce all documents reflecting the hours worked for Defendant by Plaintiff during his entire employment with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:

Produce all job descriptions for any job held by Plaintiff for Defendant that were in effect at any time during Plaintiff's employment with Defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

Produce all documents supporting any contention that Plaintiff performed a managerial role for Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents supporting any contention that Plaintiff exercised any independent discretion with respect to matters of significance to the business of Defendant during his employment with Defendant.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 11:**

Produce any documents reflecting an agreement between any of Defendant and Plaintiff concerning payment of overtime wages or the rate at which such wages will be paid.

RESPONSE:


**INTERROGATORY NO. 8:**

State this Defendant's policy with respect to payment of overtime wages.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents reflecting, referring to, or evidencing Defendant's policy with respect to payment of overtime wages.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 13:**

Produce all non-privileged documents, including internal memoranda and emails, concerning payment of overtime wages to its employees.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

For each document requested in any of the above requests for production that was created electronically or is otherwise stored electronically, produce an identical copy of said document in its electronic form, with all metadata intact, on a compact disc, with its format identified.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce a complete copy of any and all employee handbooks, statements of employment policies, rules, regulations, procedures and/or guidelines, and/or codes of employee/managerial conduct, which were disseminated by Defendant to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you were properly served with the Complaint and Summons in the above-captioned lawsuit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**

Admit Plaintiff worked in excess of forty hours in one workweek at least once during his employment with Defendant.

**ANSWER:**

REQUEST FOR ADMISSION NO. 3:

Admit Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:


INTERROGATORY NO. 9:

State the reason Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate for the hours he worked for Defendant in excess of forty per workweek.

ANSWER:


INTERROGATORY NO. 10:

State the name, residence and business address, residence and business telephone number and job title of each employee, agent or representative of Defendant who had any authority or responsibility to direct or prepare payroll payments of wages to Plaintiff.

ANSWER:


INTERROGATORY NO. 11:

Unless this Defendant is a publicly traded entity, identify the name, residence and business address, and residence and business telephone number of each owner, principal, member or shareholder of this Defendant, and for each, state the percentage of ownership and, if applicable, number of shares owned.

ANSWER:

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
Bolek Besser Glesius, LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

Counsel for Plaintiff