## PLEASE READ CAREFULLY

**Counsel of record is charged with the duty to <u>read</u> and <u>follow</u> this entire order. <u>FAILURE TO FOLLOW THE REQUIREMENTS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS</u> Also, view the Judge's "Judicial Preferences" on the website at <u>http://www.ohnd.uscourts.gov</u>.**

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Stephen Canan, | ) | |
| | ) | **CASE NO. 5:20CV2472** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | <u>CASE MANAGEMENT CONFERENCE</u> |
| Courtad-Dalton LLC, | ) | <u>SCHEDULING ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTE – DUE TO THE PUBLIC HEALTH EMERGENCY CREATED BY COVID-19, THE CASE MANAGEMENT CONFERENCE HEREIN WILL BE HELD TELEPHONICALLY.**

All counsel and/or parties will take notice that the above-entitled action has been set for a **<u>Telephonic</u>** Case Management Conference ("CMC") on **<u>January 7, 2021 at 10:00 a.m.</u>** before Judge John R. Adams. <u>Counsel shall confer and provide the Court with a conference call-in number no later than 2 business days prior to the CMC.</u> **<u>Lead counsel, parties with full settlement authority, and a representative with full settlement authority of any Insurance Carrier must be present on the phone</u>** and have calendars available for scheduling. *See* LR 16.3(b). "Parties" means the named individuals or, in the case of a corporation or similar legal entity, a person who has settlement authority. Absent leave of court, failure of the attorneys and

parties or party representatives to participate in the conference may result in the imposition of sanctions.

If the participation of a party or lead counsel will constitute an undue hardship or a continuance is needed, a written motion to excuse the presence of such person or to continue must be filed **no later than fourteen (14) days** prior to the CMC. Counsel are instructed to confer and agree on three proposed dates and include them in the motion for continuance.

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

Magistrate Judge Burke has been assigned to assist in this case. The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge **(see Attachment #3)**. Any consent to the jurisdiction of the Magistrate Judge must be filed with the Court **no later than fourteen (14) days** prior to the CMC.

## CASE MANAGEMENT / TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in the Local Rules of the Northern District of Ohio effective on January 2, 1992 as renumbered on April 7, 1997. All counsel are expected to familiarize themselves with the Local Rules as well as with the Federal Rules of Civil Procedure. The Court shall evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and time lines governing discovery practice, motion practice and trial. Discovery shall be guided by LR 26.1 and motion practice shall be guided by LR 7.1(b)-(k).

## APPLICATION OF FED. R. CIV. P. 26(a)

Rule 26(a) of the Federal Rules of Civil Procedure mandates a series of required disclosures by the parties in lieu of discovery requests. Only certain categories of proceedings, specified in Rule 26(a)(1)(B), are exempt from the requirement of initial disclosures. If a party wishes to object to the requirement of initial disclosures, it must do so as part of the planning meeting report.

**These disclosures must be made <u>no later than 14 days before the CMC.</u>**  Failure to timely provide these disclosures may result in the imposition of sanctions.

<u>FORMAL DISCOVERY STAYED UNTIL CMC</u>

Notwithstanding the above, no preliminary <u>formal</u> discovery may be conducted prior to the CMC except such discovery as is necessary and appropriate to support or defend against any challenge to jurisdiction or claim for emergency, temporary, or preliminary relief.  **This limitation in no way affects the disclosures required by Fed. R. Civ. P. 26(a)(1) or by this order**.

<u>PREPARATION FOR CMC BY COUNSEL</u>

The general agenda for the CMC is set by LR 16.3(b)(2).  **It is the responsibility of counsel for Plaintiff(s) to arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3)**.  A jointly signed report of this planning meeting shall be   filed **<u>no later than 3 business days before the CMC</u>**.   A planning meeting report form, located at **Attachment #1**, is provided for the parties' convenience.

**<u>At least fourteen (14) days   prior </u>to meeting with the Court, Plaintiff(s) shall have made a demand with a written description and monetary breakdown of the damages claimed, and <u>no later than seven (7) days thereafter</u>, Defendant(s) shall have responded with an offer.** This is to be included in the Parties' Planning Meeting Report.

<u>FILING OF DISCOVERY MATERIALS</u>

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.  In any event, discovery material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position. Materials may only be filed under seal pursuant to LR 5.2.

### COURTESY COPIES

Chambers **will not accept** **courtesy copies** of pleadings or memoranda unless expressly requested by the Court.  <u>Exception</u>:  Any pleadings or memoranda not electronically filed and due  **within two (2) business days** of a conference/hearing/trial shall be <u>faxed</u> to the Court as well as opposing counsel on the same day it is manually filed.   The Court's fax number is **330-252-6077**.

### DEPOSITIONS PRACTICES

LR 30.1 governs the taking of depositions.   A copy of this rule is located at **Attachment #2**.  Counsel are expected to comply with the rule in its entirety.

### PRELIMINARY ESTIMATE/BUDGET OF FEES AND EXPENSES REPORT

Certain claims allow for or entitle prevailing parties to collect attorney fees from the other party.   If this case contains such a claim, each party must bring to the CMC a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim. A Preliminary Estimate/Budget of Amount of Fees and Expenses form, located at **Attachment #4**, is provided for the parties' convenience.   Lead counsel of record shall provide a copy of this report to his or her client prior to the CMC.   These reports will be exchanged at the CMC.

4

## RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel shall submit a jointly signed stipulation of settlement or dismissal, and notify the Court immediately by telephone or fax that the same is forthcoming.

## ELECTRONIC FILING

Pursuant to LR 5.1(c) the Court requires attorneys to receive notice of filings and to file documents electronically, absent a showing of good cause, unless otherwise excused by the rules, procedures or Orders of the Court. While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, only registered attorneys, as Officers of the Court, will be permitted to file electronically rather than on paper, except as provided for in the Electronic Filing Policies and Procedures Manual (**Attachment #5**).  The manual governs electronic filing in the Northern District of Ohio and also provides helpful information on system requirements and usage.

If it has not already been done, Attorney Registration Forms should be completed by counsel and returned to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is Appendix B to the Policy and Procedures Manual. As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for all documents filed electronically.   Upon receipt of the identification names and passwords, counsel should verify their ability to file and retrieve documents electronically using the Court's test system.   Test case numbers 97-5001 through 97-5025 have been established for this purpose.   Counsel are encouraged to experiment extensively with the test system prior to filing or retrieving documents from the live system.   Both the live and test systems can be accessed at:

http://ecf.ohnd.uscourts.gov

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to

answer questions and provide assistance should difficulties arise.

**It is the responsibility of counsel to turn on their e-mail notification and check their**

**mailboxes on a regular basis.**

**IT IS SO ORDERED.**

**Date: November 25, 2020**                    */s/John R. Adams*
                                               **John R. Adams**
                                               **U.S. District Judge**

6